**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMENAK NOURIDJANIAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. CV 10-5055 SJO (JCG)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**<u>INTRODUCTION</u>**

On July 21, 2010, plaintiff Armenak Nouridjanian ("Plaintiff"), proceeding *pro se*, filed a complaint, seeking a "U.S. federal judge to verify and acknowledge my disabled condition, caused by my chronic diseases and issue a favorable decision to recognize me a disabled person and reverse the wrongful and biased decision of administrative Judge James L. Moser who ignored the medical evidence of my medical affidavit and my arguments with hostile bias over foreign national origin of mine." (Compl. at 1.)

On November 29, 2010, defendant Michael J. Astrue filed a motion to dismiss ("Motion"), alleging that Plaintiff's complaint should be dismissed on the ground that "Plaintiff has not yet exhausted his administrative remedies on the claim." (Mot. at 1.) On December 10, 2010, Plaintiff filed an opposition.

On January 10, 2011, the Magistrate Judge issued his Report and Recommendation, recommending that the instant action be dismissed without prejudice for lack of subject matter jurisdiction.

On January 25, 2011, Plaintiff filed objections to the Report and Recommendation. The objections lack merit.

## II.

## DISCUSSION

Although none of the arguments raised by Plaintiff in his objections have caused the Court to alter the Magistrate Judge's recommendation to dismiss the instant action without prejudice, the Court will briefly address one issue, which was not previously raised by Plaintiff in his opposition.[1] Plaintiff argues that he has a colorable constitutional claim because the "Social Security Administration violated a constitutional principle of separation of judicial and executive powers by hiring judges to be paid employees of SSA. . . . I claim that SSA should stop its unconstitutional practice of employing judges to protect its unfair decision, as this practice violates constitutional principle of separating executive and judicial

---

[1] As a procedural matter, the Court notes that Plaintiff's objections raise new facts that were never presented to the Magistrate Judge. A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001). Plaintiff makes no effort to explain why he did not raise this issue in his opposition. (*See generally* Objs. at 1-2.) Nonetheless, in the interest of justice, the Court will address the objections on their merits.

1 powers." (Objs. at 1-2.)

2      Plaintiff's argument – commonly referred to as the non-delegation doctrine –
3 merits rejection. Contrary to Plaintiff's assertion, it is now well recognized that
4 Congress may delegate to an agency the power to adjudicate disputes and that such
5 delegation, within certain parameters, neither contravenes the separation of powers
6 nor impermissibly intrudes on the province of the judiciary pursuant to Article III.
7 *Commodity Futures Trading Com'n v. Schor*, 478 U.S. 833 (1986); *see also*
8 Administrative Procedure Act, 5 U.S.C. §§ 500, *et seq.*; *Noriega-Perez v. United*
9 *States*, 179 F.3d 1166, 1174-75 (9th Cir. 1999) ("[N]either the Supreme Court nor
10 Congress has read the Constitution as requiring every federal question arising under
11 the federal law to be tried in an [Article] III court.") (internal quotation marks,
12 citation, ellipses, and brackets omitted).

### III.

### CONCLUSION

15      Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has
16 reviewed the complaint, all of the records herein, the Report and Recommendation
17 of the United States Magistrate Judge, and the objections to the Report and
18 Recommendation. After having made a *de novo* determination of the portions of the
19 Report and Recommendation to which the objections were directed, the Court
20 concurs with and adopts the findings and conclusions of the Magistrate Judge's
21 Report and Recommendation.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, IT IS ORDERED THAT:

1. Defendant's motion to dismiss, [Docket No. 12], is **GRANTED**.
2. Judgment shall be entered dismissing this action without prejudice for lack of subject matter jurisdiction.
3. The Clerk shall serve copies of this Order and the Judgment on the parties.

DATED: _February 7, 2011.

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE